## PETITION TO PROHIBIT SALE OF LIQUOR.

Circuit Court of Cuyahoga County.

IN RE PETITION TO PROHIBIT THE SALE OF INTOXICATING LIQUORS AS A BEVERAGE IN A RESIDENCE DISTRICT OF THE MUNICIPAL CORPORATION OF CLEVELAND, STATE OF OHIO; TWO CASES.

Decided, January 22, 1912.

*Sufficiency of Petition as Against Sale of Liquor—Petition Prima Facie Evidence of What.*

A petition for or against the sale of intoxicating liquor in a residence district is itself *prima facie* evidence that the signers thereof are resident electors of the district, qualified to sign the petition, and in the absence of evidence tending to show that a signer is not such an elector, it is not error to count his name in determining the sufficiency of the petition.

*W. H. Boyd, G. W. Shaw* and *G. E. Harshorn,* for plaintiff.
*Hidy, Klein & Harris,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

On the 7th day of August, 1911, there was filed with the Honorable Martin A. Foran, a judge of the court of common pleas of this district, a petition purporting to be signed by a majority of the qualified electors of a certain residence district described in the petition and situated in the city of Cleveland, in favor of prohibiting the sale of intoxicating liquors as a beverage in such district. In short, purporting to be such a petition as is provided for in Section 6140 of the General Code, which reads:

"When a majority of the qualified electors of a residence district of a municipal corporation sign a petition in favor of prohibiting the sale of intoxicating liquors as a beverage in such residence district and file such petition with the mayor of the municipal corporation or with a judge of the court of common pleas of the county in which the municipal corporation is situated, the mayor or judge shall examine the petition at a public hearing and decide upon the sufficiency thereof and cause

a copy of his decision to be filed with the clerk of the municipal corporation or council.''

Notice of the filing of this petition was given as provided in Section 6151 of the General Code.

Before said petition was heard there was filed with said judge a writing designated as ''Answer of Max Sternlicht,'' which answer sets out that said Max Sternlicht is a *bona fide* resident and qualified elector residing within the boundaries of the territory described in the petition, and that he files this answer in his own behalf and on behalf of other qualified electors who are residents of said district, and states that said petition is insufficient, irregular and illegal and should be dismissed; it then sets out a large number of reasons why he says it should be dismissed, and among them he sets out that a very considerable number of names which appear on said petition are the names of persons residing outside of the district; a considerable number that he says are duplicated in the petition; a considerable number that he says have not resided within the district for four months, and a considerable number that he says have not resided within the state for a year; some that he says are not of full age; some that he says were never qualified electors, etc.; and then in such writing he says that he objects to each and every name contained in the petition, for the reason that the persons signing the same are not qualified electors and calls for strict proof that they are qualified electors. An objection to the petition was also made by certain other electors or persons claiming to be electors within the district.

This petition was heard by Judge Foran on the 18th of October, 1911, the hearing having been continued from time to time by consent of the petitioners, and by consent also of those who had entered their objections to the hearing. The result of the hearing before Judge Foran was that he found the petition to be sufficient, and certified his findings to the clerk of the city of Cleveland, resulting in the prohibition of the sale of intoxicating liquors within the district described in the petition.

To this action of Judge Foran error is prosecuted in this court, as provided in Section 6164 of the General Code, permission having been giving for the filing of such petition.

The first question raised here is whether, the petition not having been heard within forty days of the time of its filing and therefore having been heard at a time when the certificate provided for could not have been made, and in fact was not made until more than forty days after the filing of the petition, the whole proceedings were not void. In short, whether the judge, having had the petition in his hands for more than forty days, was authorized thereafter to hear it and to make his certificate at a time beyond the forty days.

As was shown on the hearing, this court has heretofore held that the time limit prescribed in this section is directory and not mandatory, and finding in that case reasons why the officer hearing a petition might well have delayed we adhere to the holding in that case, and certainly if any case would justify the delay, the present is such case, because here the only parties objecting to the granting of the petition consented to the delay. There was no error in the court's refusing to dismiss the petition because of the lapse of time.

The next question sought to be raised is whether the burden of showing that those who signed the petition were qualified electors within the district was upon the petitioners. We think it very doubtful whether that question is in this case. Judge Foran certifies that all the evidence offered by either party is in the bill of exceptions. We find, however, on page 25 of the record, that the petition was offered in evidence. We nowhere find the petition or a copy of it in the record. We do find, however, that Judge Foran announced earlier in the hearing that the burden of showing that those who signed the petition were not residents of the district was on those who contested the petition. The petition was offered in evidence and was examined by the judge. The reason it is not here is because of the provision of Section 6152 which provides that the judge shall cause a certified copy or certificate of his findings, together with the original petition, to be filed with the clerk of the municipal corporation or council. Complying with that requirement of the statute, of course the original petition could not be filed here. In any event, it was out of the hands of the judge when he

signed the bill of exceptions.   How we can say that the judge may˙not have had such knowledge as to who the parties were who signed this petition as that an inspection of the petition might not be sufficient to satisfy him that the parties who signed it, those whose names he allowed to remain on it as signers, were *bona fide* electors of the district, we are unable to say.   However, we are of opinion, at any rate a majority of the court are of opinion, that when the petition was exhibited to the judge, reading, as by law it was required to read and presumably did read, since we have not the petition before us, that those who signed (in the language of the statute), "respectfully represent that we are qualified electors in the following residence district," etc., he was justified in saying that this made a *prima facie* case as to the residence and qualifications of the parties who signed.

True, it was held by Judge Foran, and has been held by this court, that the proceeding is in the nature of a judicial proceeding, and therefore the court must act upon evidence; but having before him a statement that these people were resident electors, we think it was not error to find such to be a fact in the absence of any evidence tending to show the contrary.

The provision with reference to the public hearing of this petition, as provided for in Section 6151, is that the judge shall "hear any electors of the district as to the question of the petitioners being qualified electors in such residence district, or any other matter which may be brought before such mayor or judge for determination relating to the sufficiency of such petition."

The judge had exactly the same evidence that the petitioners (except in so far as testimony was taken on the hearing or admissions made as to some of these signers, that they were resident electors of the district), as he had that any one protesting or opposing the granting of the prayer of the petition was an elector of the district.   A qualified elector of the district had a right under Section 6151 to present evidence on the question of whether those signing the petition were electors, and, acting under this, the judge heard such witnesses as were protesting, Max Sternlicht and other objectors.   Their right to be heard

depended upon their being electors. Sternlicht had filed an objection denominated by him an answer, in which he claimed this right to be heard, because he said he was an elector in the district. He was heard. The evidence offered by him was received, because *prima facie,* filing this so-called answer, he was the one who had a right to be heard. It would hardly be claimed on the part of anybody that the judge would have been justified, in the absence of any suggestion on the part of anybody that Sternlicht was not an elector, to have refused to have heard the evidence that he offered. We think that the practical workings of this statute, if it is to have any value either to those desiring to prohibit or those who are opposed to the prohibiting of the sale of intoxicating liquors within a proposed district, would be so hampered as to substantially take away all the good which it was the design of the Legislature to give, if the petitioners, whether on a petition for prohibition or on a petition against prohibition, were to be required to produce evidence of the qualification of the signers as electors other than such evidence as is furnished by the petition itself, except in answer to evidence which might be produced against their qualifications as electors; and we think this is clearly shown by the section last referred to.

As pointed out by Judge Foran in his opinion in this case, and by Judge Martin in the case referred to in Montgomery county, the time to be taken in these hearings would be such as to make it practically of no use to file any such petitions.

We are of opinion, therefore, that there is no error apparent upon the record in this case which would justify a reversal, and the judgment is affirmed.